SOL L. YOUNGENTOB, Appellant, v. VINCENT J. LUONGO, Respondent.

Supreme Court, Appellate Term, First Department, April 16, 1931.

*Sol L. Youngentob*, appellant in person.

*Manual K. Brodey* [*Samuel Markowitz* of counsel], for the respondent.

LEVY, J. The credible evidence in this case convinces us that the summons was actually served upon the defendant. The order appealed from must, therefore, be reversed.

We regret the necessity of adverting to certain aspersions contained in the respondent's brief, to which appellant takes exception. Unquestionably, these are couched in intemperate and impertinent language designed to reflect upon adverse counsel. In the circumstances we should have contented ourselves by referring counsel responsible for the brief merely to the seventeenth canon of Professional Ethics for Lawyers adopted by the American Bar Association. The difficulty, however, is that these gratuitous insults, it is to be deplored, occur altogether too frequently. Because of this and a consideration of the demands of propriety which so naturally spring from the relations of attorneys to the courts and to suitors and to each other, we deem it not amiss to add a few observations of a constructive nature.

It would be well always to remember that an attorney is bound to conduct himself with integrity and professional decorum; that it is indispensable to the preservation of the dignity of the courts that he should come up to the proper standard of a courteous and conscionable person and observe his duties to his professional brethren; that he should never offer nor provoke offense. " The ordinary civilities should always be studiously observed, and, in every instance, the utmost courtesy consistent with duty should be extended to an honorable opponent." (Warvelle Ethics, 195.)

As long as an attorney confines himself to the issues, he is at liberty to utter proper and appropriate comment. Words, either spoken or written, so long as they are pertinent to the controversy, may be said to be proper and privileged. But an attorney may not go outside of the case and make slanderous attacks either upon a a party or adverse counsel. It does not promote the ends of justice or contribute to the strength of an attorney's advocacy to indulge in personalities.

Here, counsel for the respondent not only assailed the integrity of an attorney who has been at our bar for thirty years or more, but in the light of the record perpetrated this assault without any

remote justification. This sort of conduct must be regarded as highly reprehensible, and the court may not overlook the opportunity to censure the unfortunate tendency in this direction. As the attorney who puts his hand to such matter subjects himself to the animadversion of the court, we do not hesitate to express our unqualified condemnation of this practice and direct that the scandalous and impertinent references be expunged from the respondent's brief.

Order setting aside the service of the summons reversed, with ten dollars costs, and motion denied. Appeal from order denying motion for reargument dismissed.

All concur; present, LEVY, PETERS and FRANKENTHALER, JJ.